UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KERVIN JEANTY,

                          Plaintiff


                   - against -                          17-cv-9175 (CS) (LSM)

NEWBURGH BEACON BUS CORP., EDWARD
GALLAGHER, MARC MILLER, DAN SPANGLER,
KIM MISHK, JOHN PROCAK, ALFREDO SOLIS,


                          Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE
COMPLAINT SUBMITTED BY DEFENDANTS
NEWBURGH BEACON BUS CORP.,
EDWARD GALLAGHER, MARC MILLER AND JON PROCAK**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

FACTS ....................................................................................................................................3

    A.    Filing with the New York State Division of Human Rights....................................3

    B.    Determination of the New York State Division of Human Rights..........................3

    C.    Filing of Initial Complaint (November 21, 2018, DE No. 2) ..................................5

    D.    Defendants' January 8, 2018 Letter Seeking Permission to File a Motion
        to Dismiss the Complaint (DE No. 9)....................................................................6

    E.    February 21, 2018 Conference ...............................................................................6

    F.    Plaintiff's Amended Complaint (DE No. 16) .........................................................7

STANDARD OF REVIEW ....................................................................................................10

ARGUMENT.........................................................................................................................12

    POINT I      THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION ..............12

    POINT II     PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED..........15

    POINT III    THE COURT LACKS JURISDICTION OVER PLAINTIFF'S
                DISCRIMINATION CLAIMS ....................................................................18

            A.    Plaintiff's Allegations of Race, Color and Sex Discrimination
                   are Beyond the Scope of his Administrative Charge...........................18

            B.    The Court Lacks Jurisdiction Over Any Claims That Occurred
                   More Than 300 Days Prior to the Filing of the
                   NYSDHR/EEOC Charge of Discrimination .......................................21

    POINT IV    THE NO PROBABLE CAUSE DETERMINATION PRECLUDES
                PLAINTIFF FROM LITIGATING ANY CLAIMS UNDER THE
                NEW YORK HUMAN RIGHTS LAW AND BARS ANY CLAIMS
                 AGAINST THE INDIVIDUAL DEFENDANTS .......................................22

    POINT V     PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE
                DISMISSED ...............................................................................................23

CONCLUSION......................................................................................................................25

162035.5 5/2/2018

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alvarado v. I.G.W.T. Delivery Systems, Inc.,*
    410 F. Supp. 2d 1272 (S.D. Fla. 2006) ...................................................................17

*Aratari v. Genesee County Sheriff's Office,*
    2000 U.S. Dist. LEXIS 10583 (W.D.N.Y. July 25, 2000) ......................................21

*Arroyo v. WestLB Admin., Inc.,*
    54 F. Supp. 2d 224 (S.D.N.Y. 1999) .......................................................................25

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937 (2009)..................................................10, 11, 14, 24

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................10, 11, 14

*Bresloff-Hernandez v. Horn,*
    2007 U.S. Dist. LEXIS 71257, 2007 WL 2789500 (S.D.N.Y. Sept. 25, 2007) ......19

*Brown v. Masonry Products, Inc.,*
    874 F.2d 1476 (11th Cir. 1989) ..............................................................................17

*Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.,*
    411 F.3d 306 (2d Cir. 2005) ....................................................................................16

*Burnette v. Northside Hospital,*
    342 F. Supp. 2d 1128 (N.D. Ga. 2004)....................................................................18

*Butts v. City of New York Dep't of Hous.,*
    990 F.2d 1397 (2d Cir. 1993) ............................................................................18, 19

*Castro v. Local 1199,*
    964 F. Supp. 719 (S.D.N.Y. 1997) ..........................................................................16

*Chakraborty v. Soto,*
    2017 U.S. Dist. LEXIS 183596 (S.D.N.Y. Nov. 6, 2017)..................................22, 23

*Chavis v. Chappius,*
    618 F.3d 162 (2d Cir. 2010) ....................................................................................11

*Clarke v. White Plains Hosp.*
    (CS), 2015 U.S. Dist. LEXIS 187417 (S.D.N.Y. Apr. 22, 2015) (Seibel, J.)...........21

*Cromwell-Gibbs v. Staybridge Suite Times Square,*
    2017 U.S. Dist. LEXIS 95762 (S.D.N.Y. June 20, 2017) .......................................23

162035.5 5/2/2018

*Culbertson v. ChaRosa Found. Corp.,*
  2004 U.S. Dist. LEXIS 21064, 2004 WL 2370686 (E.D.N.Y. Oct. 18, 2004) ....................19

*Daly v. Presbyterian Hosp.,*
  2000 U.S. Dist. LEXIS 5, 2000 WL 8268 (S.D.N.Y. Jan. 4, 2000) ........................................16

*DD v. Lincoln Hall Ives Sch.,*
  2010 U.S. Dist. LEXIS 15511 (S.D.N.Y. Feb. 19, 2010) (Seibel, J.) ....................................18

*Deravin v. Kerik,*
  2007 U.S. Dist. LEXIS 24696 (S.D.N.Y. Apr. 2, 2007) ........................................................16

*Fowlkes v. Ironworkers Local 40,*
  790 F.3d 378 (2d Cir. 2015) ..................................................................................................18

*Friedman v. Columbia University,*
  2014 WL 1041032 (S.D.N.Y. Mar. 13, 2014) .......................................................................22

*Gaughan v. Rubenstein,*
  2017 U.S. Dist. LEXIS 79999 (S.D.N.Y. May 23, 2017) ......................................................23

*Gomez v. N.Y.C. Police Dep't,*
  191 F. Supp.3d 293 (S.D.N.Y. 2016) ....................................................................................23

*Grady v. Affiliated Central, Inc.,*
  130 F.3d 553 (2d Cir. 1997) ..................................................................................................14

*Harisch v. Goldberg,*
  2016 WL 1181711 (S.D.N.Y. Mar. 25, 2016) .......................................................................24

*Hoffman v. Williamsville Sch. Dist.,*
  443 F. App'x 647 (2d Cir. 2011) ...........................................................................................18

*Honohan v. Martin's Food of S. Burlington, Inc.,*
  255 A.D.2d 627 (3d Dep't 1998) ...........................................................................................24

*Hopper v. Banana Republic,*
  LLC, 2008 WL 490613 (S.D.N.Y. Feb. 25, 2008) ................................................................24

*Jeanty v. County of Orange,*
  2003 Civ. 8043 (WCC)...........................................................................................................10

*Jeanty v. McClane Eastern Inc. et al.,*
  17 Civ. 6366 (VB) ..................................................................................................................10

*Jeanty v. Town of Newburgh,*
  18 Civ. 2022............................................................................................................................10

162035.5 5/2/2018

*Jeanty v. Ward Transport and Logistics Corp.,*
    17 Civ. 6508 (KMK) ................................................................................................10

*Jernigan v. NYCERS,*
    2010 WL 1049585 (E.D.N.Y. 2010) ........................................................................14

*Joseph v. Am. Works, Inc.,*
    2002 U.S. Dist. LEXIS 9075 (S.D.N.Y. May 21, 2002) ...........................................20

*Josey v. N.Y.C. Police Dep't,*
    2008 U.S. Dist. LEXIS 51999 (S.D.N.Y. July 7, 2008) ............................................21

*Keyes v. Quinn,*
    2017 U.S. Dist. LEXIS 211110 (E.D.N.Y. Dec. 22, 2017) .......................................11

*Khater v. API Indus.,*
    2017 U.S. Dist. LEXIS 209213 (S.D.N.Y. Dec. 19, 2017) (Seibel, J.) ..............18, 19

*Kravtsov v. Town of Greenburgh,*
    2012 U.S. Dist. LEXIS 94819 (S.D.N.Y. July 9, 2012) (Seibel, J.) ..........................23

*Legnani v. Alitalia Linee Aeree Italiane, S.p.A.,*
    274 F.3d 683 (2d Cir. 2001) .....................................................................................18

*Lundy v. Catholic Health Sys. of Long Island Inc.,*
    711 F.3d 106 (2d Cir. 2013) .....................................................................................17

*Malachi v. Postgraduate Center for Mental Health,*
    2013 WL 782614 (E.D.N.Y. Mar. 1, 2013) ...............................................................22

*Marecheau v. Equal Employment Practices Comm'n,*
    2014 WL 5026142 (S.D.N.Y. Sept. 30, 2014) ..........................................................22

*Marotta v. Palm Management Corp.,*
    2009 WL 497568 (S.D.N.Y. Feb. 25, 2009)..............................................................24

*Mataxas v. North Shore Univ. Hosp.,*
    211 A.D.2d 762, 621 N.Y.S.2d 683 (2d Dep't 1995)................................................24

*McNealy v. New York Pub. Library,*
    1997 U.S. Dist. LEXIS 15014 (S.D.N.Y. Oct. 1, 1997).............................................21

*Melton v. Poughkeepsie City Sch. Dist.,*
    2017 U.S. Dist. LEXIS 207539 (S.D.N.Y. Dec. 18, 2017) .......................................11

*Mohawk v. William Floyd School District,*
    2014 U.S. Dist. LEXIS 27621 (E.D.N.Y. March 3, 2014).........................................12

162035.5 5/2/2018

*Moodie v. Fed. Reserve Bank of New York,*
58 F.3d 879 (2d Cir. 1995) ......................................................................................22

*Mullins v. City of New York,*
626 F.3d 47 (2d Cir. 2010) ......................................................................................17

*Muse v. New York City Dep't of Hous. Preservation & Dev.,*
2000 U.S. Dist. LEXIS 12207 (E.D.N.Y. Aug. 22, 2000)......................................19

*Ochei v. The Mary Manning Walsh Nursing Home Company, Inc.,*
2011 WL 744738 (S.D.N.Y. 2011)....................................................................14, 15

*Odom v. Doar,*
2011 U.S. Dist. LEXIS 79496 (S.D.N.Y. July 21, 2011), *aff'd,* 497 F. App'x
88 (2d Cir. 2012).......................................................................................................22

*Patterson v. County of Oneida,*
375 F.3d 206 (2d Cir. 2004) ....................................................................................22

*Perez v. Brands Mart Serv. Corp.,*
2011 U.S. Dist. LEXIS 82708 (S.D. Fla. July 28, 2011)........................................18

*Perry v. Sony Music,*
462 F. Supp. 2d 518 (S.D.N.Y. 2006) .....................................................................12

*Peterec v. Hilliard,*
2013 U.S. Dist. LEXIS 132118 (S.D.N.Y. Sep. 16, 2013)......................................11

*Plahutnik v. Daikin Am., Inc.,*
912 F. Supp. 2d 96 (S.D.N.Y. 2012) (Seibel, J.) ....................................................18

*Proud v. Stone,*
945 F.2d 796 (4th Cir. 1991) ...................................................................................14

*Rahman v. Smith & Wollensky Rest. Grp., Inc.,*
2008 U.S. Dist. LEXIS 2932 (S.D.N.Y. Jan. 16, 2008) ..........................................19

*Rankel v. Town of Somers,*
999 F. Supp. 2d 527 (S.D.N.Y. 2014) .....................................................................11

*Ray v. County of Delaware,*
239 A.D.2d 755 (3d Dep't 1997).............................................................................24

*Reyes v. City Univ. of N.Y.,*
2007 WL 2186961 (S.D.N.Y. 2007).........................................................................11

*Richardson v. N.Y. State Dep't of Corr. Servs.,*
180 F.3d 426 (2d Cir. 1999) ....................................................................................16

162035.5 5/2/2018

*Rodriguez v. Comm'r of Soc. Sec.*,
   2017 U.S. Dist. LEXIS 190811 (S.D.N.Y. Nov. 16, 2017)......................................11

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008) ..........................................................................10

*Stuart v. Stuart*,
   2013 U.S. Dist. LEXIS 175270, 2013 WL 6477492 (S.D.N.Y December 10,
   2013 ) ....................................................................................................11

*Thomas v. Westchester Cty.*,
   2013 U.S. Dist. LEXIS 93697 (S.D.N.Y. July 3, 2013) .....................................11

*Torres v. Pisano*,
   116 F.3d 625 (2d Cir. 1997) ..........................................................................25

*Trinidad v. Pret A Manger (USA) Ltd.*,
   962 F. Supp. 2d 545 (S.D.N.Y. 2013) .............................................................17

*Valle v. Bally Total Fitness*,
   2003 WL 22244552 (S.D.N.Y. 2003)...............................................................12

*Vlad-Berindan v. LifeWorx, Inc.*,
   2014 U.S. Dist. LEXIS 58741 (E.D.N.Y. Apr. 28, 2014) .....................................19

*Walker v. City of N.Y.*,
   2012 U.S. Dist. LEXIS 13783 (S.D.N.Y. Feb. 2, 2012)........................................11

*Williams v. N.Y.C Housing Auth.*,
   458 F.3d 67 (2d Cir. 2006) (per curiam) ...........................................................19

*Wilson v. Family Dollar Stores*,
   2007 U.S. Dist. LEXIS 23083 (E.D.N.Y. Mar. 29, 2007)......................................19

*Yusuf v. Vassar College*,
   35 F.3d 709 (2d Cir. 1994) ............................................................................12

**Statutes**

Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*...............................5, 8

Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.*.................5, 8, 10, 19,21, 23

Title VII of thr Civil Rights Act, 42 U.S.C.§2000e *et seq.*.....................................*passim*

Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*................................................*passim*

N.Y. Executive Law § 297(9)...........................................................................22

162035.5 5/2/2018

New York Human Rights Law ................................................................ 1, 5, 7, 20, 22, 23

New York Labor Law .............................................................................................. 1, 21

New York State Workers' Compensation Law .................................................... 3, 6, 25

**Other Authorities**

Fourth, Eighth and Fourteenth Amendments ...................................................... 10

Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6) ............................... 1, 22

162035.5 5/2/2018

## PRELIMINARY STATEMENT

Defendants Newburgh Beacon Bus Corp., Edward Gallagher, Marc Miller and Jon Procak, ("Defendants") submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

On November 21, 2017 Plaintiff Kervin Jeanty filed a complaint against the Defendants alleging claims of race, color and sex discrimination under Title VII of the Civil Rights Act, 42, U.S. C. §2000e *et seq.*, the New York Human Rights Law and retaliation under §215(a)(3) of the Fair Labor Standards Act and New York Labor Law. *See* Ex. 4.[1] In addition, state law claims of negligence were also asserted.

On January 8, 2018 counsel for Defendants Newburgh Beacon Bus Corp., Edward Gallagher, Marc Miller and Jon Procak, submitted a letter setting forth a number of reasons why the complaint should be dismissed. *See* Ex. 5. On February 21, 2018 a pre-motion conference was held. At the conference the Court advised the Plaintiff of what was needed to be alleged in the complaint in order to state a viable claim and granted him permission to file an amended complaint. *See* Ex. 6. On April 3, 2018 the Plaintiff filed an amended complaint. *See* Ex. 7.

The amended complaint, however, contains the same deficiencies as the initial complaint. Little, if any detail is set forth in the complaint to support any claim of discrimination. Certainly there are no facts pled to suggest that the claims are plausible. Indeed, there is no indication how the alleged events had anything to do with Plaintiff's race, color or sex.

Moreover, the retaliation claims, whether under Title VII or the FLSA are also barred as the alleged protected activity occurred many years before and as such, are too remote in temporal

---

[1] All of the exhibits related to this motion are annexed to the affidavit of Mark N. Reinharz.

proximity to state a prima facie case or retaliation.   Additionally, Plaintiff did not engage any protected activity covered by the FLSA.

Not only does the complaint fail to state a plausible claim but the Title VII claims (*color, race and sex discrimination*) were never raised before the administrative agency.   Rather in his charge filed with the New York State Division of Human Rights, Plaintiff claimed that he was subject to discrimination based on his *disability and being a victim of domestic violence*.   The claims asserted in the complaint therefore are beyond the scope of the administrative charge and as such must be dismissed for lack of jurisdiction.

In addition, the individual Defendants must be dismissed because Plaintiff elected to file a charge of discrimination with the New York State Division of Human Rights.   The State Division issued a determination finding no probable cause (Ex. 2).   State Division determined there was no evidence to support his claim of disability discrimination or discrimination based on his status as a victim of domestic violence.   Rather, his suspension from work was based on the fact that in February 2017 his certification to work as a bus driver was revoked by the Medical Examiner who determined that Plaintiff had omitted key information about his medical history required by USDOT regulations.   In any case, a plaintiff may not advance judicial causes of action under the NYSHRL where he has already filed a complaint with the NYSDHR arising from the same transaction.   The no probable cause finding warrants dismissal not only of his state law discrimination claims but because there is no individual liability under Title VII or Americans With Disabilities Act ("ADA"), all of the claims against the individual defendants must be dismissed as well.

Finally the complaint alludes to certain negligence claims.   Not only are there no facts to support these assertion, but any such claims would be barred by the exclusivity provisions of the

162035.5 5/2/2018

New York State Workers Compensation Law.   Accordingly, the state law negligence claims must be dismissed as well.

## FACTS

### A.    Filing with the New York State Division of Human Rights

On January 25, 2017 the Plaintiff filed a charge of discrimination with the New York State Division of Human Rights (Ex. 1).   In his charge Plaintiff alleged that he was hired as a bus driver by the Defendant Newburgh Beacon in September 2009 but terminated in February 2010 allegedly because he failed to sign a falsified record.   Plaintiff then became employed by Mid State Bus Service, Inc. ("Mid State") in or about June 2010. (Ex. 1 page 8A).   At that time Mid State was a completely separate company from Newburgh Beacon, *i.e.*, completely different ownership from Newburgh Beacon.   Plaintiff admits in his charge that "[s]oon after the working environment became unpleasant and I was no longer working there, by Jan/Feb 2012." Ex. 1 at page 8B.   Complainant further alleges that in early 2012 he went back to Newburgh Beacon seeking employment but was told by Bob Calli he would not be considered for employment because of the prior unemployment issue.

On October 24, 2016 Plaintiff applied to and was hired by Newburgh Beacon for a position as a driver.   Plaintiff recites a number of allegations in the charge which he claims were evidence of discrimination based on his disability and domestic violence victim status.   He also claimed retaliation based on his speaking out on these issues. *See* Ex. 1, p. 3.

### B.    Determination of the New York State Division of Human Rights

On July 5, 2017 the NYS Division of Human Rights dismissed the charge (Ex. 2) stating in pertinent part:

> To support his claim that Respondent discriminated against him because of a disability, Complainant points to Respondent's decision to suspend him from work because of a 2013 injury.   On

162035.5 5/2/2018

3

the other hand, Respondent asserts that it had a legitimate nondiscriminatory reason for the suspension, namely, his failure to disclose significant medical history in his pre-employment physical for the USDOT certification needed for his employment as a bus driver. The record includes a copy of Complainant's application that shows that Complainant failed to disclose his 2013 brain injury during his October 24, 2016 physical and on his application of the same date. The record also includes a letter showing that the Medical Examiner revoked Complainant's certification on February 17, 2017 because of this omission. Notably, Complainant has not denied that he omitted this information in his application for certification.

Complainant also asserts that Respondent discriminated against him because he is a victim of domestic violence. To support his assertion, Complainant claimed that Respondent assigned him to perform a student pick-up which led him to the vicinity of where his in-laws twice attempted to kill him. Respondent on the other hand denies any knowledge that Complainant had been the victim of domestic violence.

A review of the record shows that it is devoid of any evidence demonstrating that Complainant notified Respondent that he had been the subject of domestic violence. Nor is there any evidence in the record to show that Respondent was aware of any such incident. Notably, Complainant has not challenged Respondent's assertion. Absent some evidence of Respondent's awareness of Complainant's status as a domestic violence victim, Complainant cannot sustain a claim of discrimination based on any membership in this protected class.

To the extent that Complainant asserts that Respondent discriminated against him because of his membership in the asserted protected classes through its failure to pay him the appropriate wage or to provide him with training or opportunities to drive transit and charter buses, the record includes insufficient evidence that Respondent's conduct was motivated by unlawful discriminatory animus against individuals who are disabled or who are victims of domestic violence.

On August 23, 2017, the EEOC adopted the findings of the New York State Division of Human

Rights and issued Plaintiff a right to sue letter. *See* Ex. 3.

162035.5 5/2/2018

**C.      Filing of Initial Complaint (November 21, 2018, DE No. 2)**

On November 21, 2017, the Plaintiff filed his initial Court complaint herein. *See* Ex. 4.

Under the section of the Complaint entitled "Causes of Action," Plaintiff checked boxes

indicating the claims he was asserting federal claims for race, color and sex discrimination and

state law claims under the New York State Human Rights Law. He was also pursuing other

claims under "29 U.S.C. Chap. 8 Sec 215(a)(3) FLSA, NYLL Article 7 Sec 215  Retaliation."

(Ex. 4 at pp. 3, 4). No other claims are asserted in the Complaint, *i.e.*, there are no claims under

the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, or Americans With

Disabilities Act, 42 U.S.C. §12101 *et seq., etc.*

In his initial Court complaint, Plaintiff made the following "factual" assertions:

> I Kervin Jeanty, first began working for Newburgh Beacon
> Bus Corp., in or about September 2009.  During this time, I made
> several complaints regarding check shortages and illegal payroll
> practices.  On or about February 12, 2010, I was constructively
> discharged, which lead to an unemployment hearing, that I won.
> About June 2010 I went back to work for Midstate Bus Svc. until
> about January or February of 2012.  During this time, I engaged in
> protected activity.  Under Title VII of the Civil Rights Act of 1964,
> I made a complaint to the E.E.O.C. (Equal Employment
> Opportunity Commission) regarding discrimination, and a hostile
> working environment, at Midstate Bus Svc.  A right to sue letter
> was sent to me by the E.E.O.C.
>
> About June 2012 thru September 2015, Newburgh Beacon
> Bus corp. purchased, took control and or partnered with Midstate
> Bus Svc.  About October 2017 [sic], I went back to work for
> Newburgh Beacon Bus corp.  Soon thereafter I endured retaliation,
> intimidation, humiliation, a hostile working environment.  I was
> denied my proper pay, training, extra hours/and or overtime, and
> given poor work assignments.  This fueled a constructive discharge
> in or about February of 2017.  Newburgh Beacon Bus corp.,
> Edward Gallagher (FX)(C.E.O.), Marc Miller (Director of
> Operations), Dan Spangler (Director of Operations), Kim Mishk
> (Dispatch Supervisor), John Procak (Dispatch Supervisor), and
> Alfredo Solis (Coach Dispatcher/Supervisor) are responsible
> jointly and or individually for retaliation as well as violating 42
> U.S.C. 2000(e)(3), 29 U.S.C. Ch. 8 sec 215(a)(3), N.Y.L.L. Article

> 7 sec 215 and N.Y. Exc. Law 296(e).  Newburgh Beacon Bus corp. and Edward FX Gallagher are also responsible for failure to properly train, supervise, inadequate discipline, negligent hiring, retention of employees who commit retaliatory acts, and unconstitutional customs and practices.

(Ex. 4, pp, 5, 5A and 5B).

### D.      Defendants' January 8, 2018 Letter Seeking Permission to File a Motion to Dismiss the Complaint (DE No. 9)

On January 8, 2018 Defendants filed a letter with the Court seeking permission to file a motion to dismiss the complaint. Defendants set forth a number of reasons why the complaint should be dismissed. These included:

- Lack of subject matter jurisdiction

- The complaint was so vague and conclusory that the allegations were not plausible

- No prima facie case of retaliation was stated

- Plaintiff New York Human Rights Claims were barred by the doctrine of election of remedies

- Plaintiff's state law claims were also not plausible and were barred by the exclusivity provisions of the New York Workers Compensation Law.

### E.      February 21, 2018 Conference

On February 21, 2018 the Court held a pre-motion conference. A copy of the transcript is annexed hereto a as Ex. 6.  Rather than allow for the briefing of Defendants' motion, the Court advised the Plaintiff of the requirements he needed to meet in order to state a plausible claim. For example, the Court stated:

> Looking at the complaint itself, it's not clear exactly what you are trying to raise, but looking at all of the other things you have supplied, it looks like you are arguing, at least, that you were discriminated against based either on your race or your age or your sex. You have got to put in the complaint whatever facts you are relying on for that conclusion. You know, you can't -- I say this not

162035.5 5/2/2018

only to pro se people, but to lawyers all the time. You can't just say, I am black. Something bad happened to me at work; therefore, it must be because I am black or I am female. Something bad happened to me at work; therefore, it must be because I am female. There has to be something more that makes you think your status is what caused you to be mistreated as opposed to just your employer was unfair, your boss is an SOB, your co-workers are jerks. Because your boss being an SOB or your co-workers being jerks or people not liking you or being nasty or any of that is not protected by the antidiscrimination laws. Your boss is allowed to be a jerk. He is just not allowed to be a jerk on the basis of your race or gender or disability or whatever.

So if you have facts suggesting that what happened here isn't just you were treated badly, but that you were treated badly because of your race, because of your age, because of your gender, because of some protected status, you've got to put those facts in the complaint.

And for purposes of this conversation, I am taking as true everything in the complaint. I have no idea what the facts really are.

For retaliation claims you are going to have to be more specific about what protected activity you engaged in, what you think the retaliation was, and why you think they are connected.

Ex. 6 at pp. 3-4

Plaintiff was permitted to amend his complaint and file same on or before April 4, 2018.

**F.    Plaintiff's Amended Complaint (DE No. 16)**

On April 3, 2018 Plaintiff filed an amended complaint in this matter.   Under the section of the Complaint entitled "Causes of Action," Plaintiff again checked the boxes indicating the claims he was asserting federal claims for race, color and sex discrimination and state law claims under the New York State Human Rights Law. He was also asserting claims under "[a]ny and all relevant/applicable laws, 29 U.S.C. Chap. 8 Sec 215(a)(3) FLSA, NYLL Article 7 Sec 215 retaliation and NYLL Article 20 c. sec 740." (Ex. 7 at pp. 3, 4).

162035.5 5/2/2018

No other claims are asserted in the Amended Complaint, *i.e.*, there are no claims under

the Age Discrimination In Employment Act, 29 U.S.C. §621 *et seq.*, Americans With Disabilities

Act, 42 U.S.C. §12101 *et seq., etc.*

On pages 5A and 5B of the Amended Complaint Plaintiff purports to set forth allegations

in support of his claims.

> On or about October of 2016, I Kevin Jeanty, was hired by Newburgh
> Beacon Bus Corp, (NBBC), for the second time. NBBC purchased
> Mid State Bus SVC (MBS) about sometime between Februarys 2012-
> 2015. I also worked for MBS in the past, with a salary at about $18.05
> an hour as a backup driver. When I was hired in October of 2016 by
> NBBC, my starting pay was $17.00 an hour for being a backup driver.
> $17.00 an hour is the rate of pay for drivers without experience. I
> have about 14 years of commercial driving experience, and about 10
> years of CDL Bus and CDL Truck experience. I was told by Warren
> Decker, who also worked for MBS that it would take a few days, for
> my file to be pulled, in order to be paid, according to years of
> experience, and that everything would be Retro. I never received my
> proper pay. I asked about extra work such as transit or charter buses
> and was told to speak with Marc Miller. There were a few times that
> charter bus training classes were cancelled with Marc Miller and/or he
> didn't show up. I also asked Marc Miller in about October or
> November of 2016 about overtime, and he said there was no overtime,
> which I questioned about. 11/16/16 — charter bus training class
> canceled, told after waiting 15 minutes. 12/6/16 — final training class
> cancelled.
>
> 12/8/16 — Marc stated I would not be able to complete training until
> following week, due to training class for trainers. I asked about taking
> trainer class and Marc Miller said he would get back to me. 12/12/16 -
> Marc Miller stated training class was full.
> 12/8/16 — I again asked about transit training and was told to see
> Alfredo Solis. 12/12/16 — Alfredo Solis told me I would be able to
> start transit training class next week because he had to make my
> "Federal File." I was never given transit training. About November
> 2016 or about December 2016 I inquired about charters/extra
> work/pick slips and Alfredo Solis began tapping, or flicking and or
> slapping his hands on me as we spoke about charters. I was never
> given any extra work, after my requests.
>
> On or in between October 2016 — February 2017 I noticed that my
> paycheck was short, so I began making copies of timecards and

8

charter requests. I was given the run around regarding my paycheck shortages, from John Procak and Kim Mishk. Late November 2016 or early December 2016, "Dave Doe," night dispatcher who I never met, called my name inside the office as I was about to punch out, to talk about coach training with Marc (how things were coming along) and he coughed directly in my face about 2 feet away. John Procak assigned me buses that did not start, and ignored me when I gave a radio check. 11/29/16 — John Procak told me to punch out early at 8:30 a.m. 12/6/16 — Kim Mishk told me to punch out early at 9:00 a.m. 12/16/16 — my paycheck was short again. 12/19/16,, Kin Mishk called me over the radio and asked me "have you been to 38 Huntington CT?" The nearest Huntington CT is in Connecticut to the best of my knowledge. I replied that "I'm on Hammer Ln."

12/19/16 — I spoke to Kim about hours shorted and overtime and requested copies of my timecards since October of 2016. 12/27/16 — check short owed 8 hours training. 11/11/17 — Dan Seangler [sic] stated to me "Shit in bed overnight," told me to fill up bus that didn't need to be filled because it was not my bus.

I worked for NBBC in 2009 and 2010. During this time I complained a lot about the pay stubs, which did not have the legally required info/pay scale by law. For example actual hours worked. You had to do math and or algebra to make sure your check was not short. This was illegal, checks were short on a regular basis. Eventually I was constructively discharged in or about February of 2010. To the best of my knowledge, mark Connolly, was a supervisor at nbbc in 2010, now no longer works for nbbc and is now or was the transportation supervisor for the newburgh enlarged city school district ( NECSD) . nbbc and mbs do contract driving primarily for the necsd. On or about October of 2016 — February 2017, I saw mark Connolly in the parking lot at nbbc, having a conversation with management. Sometime about between june 2010 through on or about February 2012, while I was working at mbs, I engaged in protected activity, such as union structuring, witness/cooperation in a sexual harassment case regarding another coworker, advocated on behalf of coworkers/ work issues, and I myself filed a complaint with eeoc regarding racial discrimination from Elizabeth murphy ( who worked for nbbbc too after sale) and other issues at mbs.an eeoc investigator, went to mbs and investigated my complaint. A right to sue letter was issued sometime between about February 2012 — august 2013 about. During this time I began to pursue a food truck business and I lost interest in the case due to the fact that mbs trained me for my cdl, and was a decent company, up and until Elizabeth murphy became supervisor and caused many issues. Mbs also paid overtime after 40 hours workd.nbbc on the other hand has a history of shorting payroll

162035.5 5/2/2018

checks, illegal payroll practices, retaliation, and denies overtime pay. Not only does nbbc deny overtime pay, they now structure , the weekly pay stubs with several different company names in order to confuse/ taint overtime evidence on pay stubs. On the other hand , the yearly w-2 only has 1 name nbbc. To the best of my knowledge, most drivers do not leave the state, therefore we are entitled to overtime when applicable. I was retaliated against for complaining about payroll issues and overtime. I believe nbbc assumed that I had a disability. in or about February 2017 I was constructively discharged. on or about February 20,2017 I went to work at nbbc and was told to contact omni medical, regarding my medical card and that I was not able to drive. Nothing was given to me, nor did I receive a letter in the mail. I eventually filed for unemployment, about a few weeks later, in which nbbc contested. I was denied training, extra hours, overtime and given poor work assignments. Nbbc, Edward Gallagher(fx) (C.E.O.), marc miller, dan Spangler, kim mishk, john procak, alfredo solis are responsible jointly and or individually for retaliation as well as violating 42 u.s.c. 2000 (e) (3), flsa 15 (a) (3) , NYLL Article 7 sec L15, ny exec law 296 (e) and NYLL Article 20c sec 740.

NBBC and Edward fx Gallagher are also responsible for failure to properly train , supervise , inadequate discipline, negligent hiring, retention of employees who commit retaliatory acts and unconstitutional customs and practices. I seek any and all relief deemed just and fair.

Defendants now seek dismissal of the Plaintiff's complaint.[2]

## STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as amplified by *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937 (2009), sets forth the standard applicable for motions to dismiss.

*See, e.g., Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) (strictly applying *Twombly*

---

[2] The Court may take judicial notice of the fact that in addition to this matter, Plaintiff has filed several other *pro se* civil rights matters in this Court in 2017 and 2018. *See Jeanty v. McClane Eastern Inc. et al.*, 17 Civ. 6366 (VB) (ADA claim for failure to hire which was dismissed by Judge Briccetti on March 20, 2018); *Jeanty v. Ward Transport and Logistics Corp.*, 17 Civ. 6508 (KMK) (Title VII and §1981 claims for failure to hire based on race and color); *Jeanty v. Town of Newburgh*, 18 Civ. 2022 (claims for false arrest, false imprisonment and unlawful search and seizure). Also, in 2003 Plaintiff, through counsel, commenced the action, *Jeanty v. County of Orange*, 379 F. Supp.2d 533 (S.D.N.Y. 2005), 2003 Civ. 8043 (WCC), in which he alleged, *inter alia*, that while in jail, "after having been convicted by a plea of guilty to the charge of Arson in the Second Degree," *Id.* at 536, he was subjected to excessive force and physical abuse in violation of his rights under the Fourth, Eighth and Fourteenth Amendments. That case settled.

162035.5 5/2/2018

standard in employment discrimination cases and affirming dismissal of retaliation claim on a 12(b)(6) motion); *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007) (dismissing retaliation claim on a motion to dismiss in light of *Twombly* because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'").

Although Plaintiff appears *pro se*, herein, the law still applies to him. "*Iqbal* . . . elevated the pleading standard, even for pro se complaints." *Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 550 n.39 (S.D.N.Y. 2014). *See also Melton v. Poughkeepsie City Sch. Dist.*, 2017 U.S. Dist. LEXIS 207539, at *8 (S.D.N.Y. Dec. 18, 2017) ("[e]ven in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *quoting Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). *See also Keyes v. Quinn*, 2017 U.S. Dist. LEXIS 211110, at *7-8 (E.D.N.Y. Dec. 22, 2017) *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ('[n]otwithstanding a plaintiff's pro se status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face"); *Thomas v. Westchester Cty.*, 2013 U.S. Dist. LEXIS 93697, at *7 (S.D.N.Y. July 3, 2013) ("dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements"); *Rodriguez v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 190811, at *6 (S.D.N.Y. Nov. 16, 2017) ("[n]or does a litigant's *pro se* status relieve her of the requirement that she supply "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *quoting Iqbal*, 556 U.S. at 678; *Stuart v. Stuart*, 2013 U.S. Dist. LEXIS 175270, *11, 2013 WL 6477492  (S.D.N.Y December 10, 2013 ); *Peterec v. Hilliard*, , 2013 U.S. Dist. LEXIS 132118, at *6 (S.D.N.Y. Sep. 16, 2013); *Walker v. City of N.Y.*, 2012 U.S. Dist. LEXIS 13783, at *7-8 (S.D.N.Y. Feb. 2, 2012).

## ARGUMENT

**POINT I      THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION**

The Complaint herein is based solely on conclusory averments that Plaintiff was discriminated against on the basis of his race, color, and sex or that he suffered retaliation.

Even under the liberal notice pleading requirements, Plaintiff's conclusory allegations of discrimination and retaliation "do not plausibly allege circumstances giving rise to an inference of discrimination," and are insufficient to state a claim for employment discrimination. *See, e.g., Mohawk v. William Floyd School District*, 2014 U.S. Dist. LEXIS 27621, *9-10 (E.D.N.Y. March 3, 2014); *Valle v. Bally Total Fitness*, 2003 WL 22244552 (S.D.N.Y. 2003) (granting 12(b)(6) motion dismissing complaint alleging that plaintiff was terminated from his employment due to his race, sex, national origin and age where the complaint contained no factual allegations supporting those claims).

Other courts have also repeatedly dismissed discrimination claims, such as Plaintiff's, supported by nothing but the plaintiff's own speculative belief of unlawful discriminatory motive was the cause of an adverse employment action. *See, e.g., Yusuf v. Vassar College*, 35 F.3d 709, 714 (2d Cir. 1994) (no reason to suspect that university's action had anything to do with race other than his assertion that panel members were white and plaintiff was not); *Perry v. Sony Music,* 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006)(complaint that provided no "detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that race played a role in [employer's] decision" was insufficient to survive a 12(b)(6) motion).

In *Amofa v. Bronx Lebanon Hospital*, for example, the district court granted a 12(b)(6) motion dismissing employment discrimination claims and held, in language that is fully applicable here:

162035.5 5/2/2018

> Although Amofa apparently claims that he was terminated for a discriminatory reason, none of [his] allegations indicates that the incident that preceded his termination came about because of his race, color or unspecified national origin. . . . Amofa's pleadings do not draw any connection whatsoever between Ms. Fine's actions in that incident on one hand and his race, color or national origin on the other.   Nor do Amofa's pleadings draw any connection between Bronx-Lebanon's decision to terminate him and either his race, color or national origin.

2006 WL 3316278, *3 (S.D.N.Y. 2006).

Plaintiff, despite being on clear notice by this Court that he needed to plead specific facts to support his claims of discrimination (Ex. 6) has clearly failed to identify any facts or assert any allegations showing that there was any negative treatment as directed at him because of his race, color or sex or any protected activity in which he may have engaged.   As best can be gleaned from the Amended Complaint, Plaintiff alleges the following:

- In October 2016, after he was hired by Defendant Newburgh Beacon for the second time, he was paid $17.00 per hour despite his prior experience. He also claims he that he was looking for extra work on charter busses and overtime but did not receive any.  He claims that the training for charter busses was cancelled.  (Ex 7 at p. 5A).

- On December 8, 2016 Plaintiff was told by Marc Miller that training classes were full. Plaintiff also claims that he spoke to Alfred Solis but did not receive transit training.  He further alleges that when he spoke to Solis, Solis began tapping or flicking or slapping his hands on –him] as [they] spoke about charters." *Id.*

- From October 2016 – February 2017 his pay was short. He also claims that a night dispatcher "Dave Dope" called him inside the office and "coughed directly in [his] face." *Id.*

- John [sic] Procak assigned him busses that did not start and ignored his radio checks. *Id.*

- John [sic] Procak and Kim Mishk asked him to punch out early. On one occasions Ms. Mishk asked him if he had been to 38 Huntington Ct.  *Id.*

- Dan Seangler stated to him "shit in bed overnight" and asked him to fill up a bus that was not his. (E. 7 at p. 5A).  *Id.*

- Plaintiff claims that when he worked for Newburgh Beacon in 2009 and 2010 he complained about pay stubs and in-between June 2010-February 2012 he engaged in

13

162035.5 5/2/2018

protected activity while working at a different company (MBS). He claims he was retaliated against for complaining about payroll issues and overtime but does not indicate how he was subjected to retaliation. (Ex. 7 at p. 5 B)

- Plaintiff claims he was constructively discharged in February 2017 after being advised that he was not able to drive. *Id.*

Plaintiff has failed to draw any connection or nexus between these claims and his race, color or sex, or any report of such incident he may have made to the Defendants. Merely stating that he was paid less than what he wanted, did not receive the training he wanted, was told training was cancelled, was subjected to "tapping and flicking," someone coughed in his face was ignored, etc. are not sufficient to state a claim of discrimination or retaliation under Title VII. There are no facts to suggest that race, color or gender played any role in these events. Indeed, the fact that Newburgh Beacon hired Plaintiff twice is strong evidence that there was no discrimination. "[W]hen the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire." *Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997); *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991) (the "same actor inference "holds that "where the employee was hired and fired by the same person within a relatively short time span, there is a strong inference that the employer's stated reason for acting against the employee is not pretextual").

In any case, Plaintiff's bald conclusory allegations represent exactly the type of conclusory allegations that the Supreme Court was intent on removing from the courts. *See Iqbal, supra; Twombly, supra. See, e.g., Ochei v. The Mary Manning Walsh Nursing Home Company, Inc.*, 2011 WL 744738, at *3 (S.D.N.Y. 2011) (dismissing *pro se* plaintiff's conclusory race discrimination claim on a motion to dismiss); *Jernigan v. NYCERS*, 2010 WL 1049585, *2 (E.D.N.Y. 2010) (dismissing *pro se* plaintiff's age discrimination claim on a motion

162035.5 5/2/2018

to dismiss; "[T]he right of self-representation cannot exempt a party from compliance with relevant rules of procedural and substantive law.").

Indeed in *Ochei*, the Court stated as follows:

> This is a variation on a common (and patently defective) technique in cases brought under federal and local antidiscrimination statutes: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." As the Second Circuit and other courts of appeal have repeatedly stated, this is a false syllogism, one that does not support any inference of discrimination. <u>The fact that plaintiff is pro se does not excuse her reliance on this false syllogism; where, as here, a pro se pleading does not "manifest[] any form of racial animus discriminatory words, prior incidents or other indications that race played a role in [the employer's] decision," even a pro se complaint is subject to dismissal.</u> Where there is no reason to suspect that an employer's actions had anything to do with membership in a protected class, other than plaintiff's bald assertion that she was a member of such a class, and the people who made decisions about her employment were not, no claim is stated.

*Ochei v.*, 2011 WL 744738, *3 (S.D.N.Y. 2011) (internal citation omitted; emphasis added).

The same is true here. Plaintiff's complaint is so vague as to fail to allege a plausible claim. Merely alleging that unlawful discrimination and retaliation is simply too conclusory. Plaintiff's Complaint must be dismissed.

**POINT II      PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED**

As set forth above, Point I *supra*, the claims asserted in the complaint are not even close to being plausible. Moreover, Plaintiff's retaliation claims should be dismissed because neither the claims for retaliation under the FLSA nor civil rights statutes are cognizable.

First, the alleged retaliation is based on alleged activity that occurred in 2009 or 2012, *i.e.* Plaintiff alleges in 2009 he complained about check shortages and illegal payroll practices and purportedly engages in unspecified "protected activity" from June 2010 to February 2012. (Ex. 7

162035.5 5/2/2018

at p. 5B). Plaintiff now alleges he was subject to retaliation after he was hired (by the alleged retaliator) in 2016 and 2017 because of this earlier conduct.[3]  There simply can be no *prima facie* claim of retaliation in light of the extended period of time between the alleged protected activity and the alleged adverse action.

"A time period of almost three years between the protected activity and the first alleged adverse action is too long to constitute the type of "very close" temporal proximity that can indirectly show the causal connection required to establish a prima facie case of retaliation." *Deravin v. Kerik*, 2007 U.S. Dist. LEXIS 24696, at *40-42 (S.D.N.Y. Apr. 2, 2007).  *See also Richardson v. N.Y. State Dep't of Corr. Servs.*, 180 F.3d 426, 447 (2d Cir. 1999) (finding a "two year gap . . . too wide to support the inference that [Plaintiff] was terminated in retaliation for complaining about discrimination"); *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 314 (2d Cir. 2005) (finding that no causal connection was established where over a year passed between the protected activity and the adverse action, and other factors indicating good faith on the part of the defendants were present); *Daly v. Presbyterian Hosp.*, 2000 U.S. Dist. LEXIS 5, 2000 WL 8268, at *6 (S.D.N.Y. Jan. 4, 2000) ("There is a lapse of time of over one year [between Plaintiff's complaint and the her termination] which, in the absence of other direct or circumstantial evidence of retaliation, is insufficient evidence of causation"); *Castro v. Local 1199*, 964 F. Supp. 719, 729 (S.D.N.Y. 1997) (stating, where Plaintiff was fired over a year after she filed a complaint with the EEOC, that "[c]ourts have found that a lapse in time of this magnitude is insufficient to establish a causal connection" and concluding that Plaintiff failed to establish the necessary causal connection for a prima facie case of retaliation).

---

[3] There is also no logical explanation why Plaintiff would have been hired in the first place if Newburgh Beacon wished to retaliate against Plaintiff for things he had done 8 years earlier.

162035.5 5/2/2018

The fact that Plaintiff was allegedly denied proper pay, training, extra hours in 2016-2017 (after being hired by Newburgh Beacon) and then constructively discharged because of complaints in 2009 and 2012 is simply insufficient as a matter of law.

Moreover, Plaintiff's claim that he complained about check shortages and illegal payroll practices is not even protected activity under either Title VII or the FLSA as they do not even involve claims covered by these statutes. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) ("[a]n employee who has not worked overtime has no claim under FLSA for hours worked below the 40-hour overtime threshold, unless the average hourly wage falls below the federal minimum wage."). There is no allegation that Plaintiff complained about being paid less than the minimum wage or worked more than 40 hours as a part time school bus driver.  Indeed, Plaintiff alleges in his complaint that he was paid $17.00 per hour – far in excess of the minimum wage.  And there is no claim that he complained about not being paid for overtime worked. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 555 n.6 (S.D.N.Y. 2013) ("Plaintiffs also allege that they were not paid for off-the-clock work under 40 hours per week . . .. However, this is not a cognizable claim under the FLSA unless there are also allegations that the unpaid hours below 40 diluted the hourly rate below the minimum wage'); *Brown v. Masonry Products, Inc.*, 874 F.2d 1476, 1478-79 (11th Cir. 1989) (no FLSA violation where withholding did not bring employee's pay below minimum wage).  Accordingly, Plaintiff's retaliation claims must be dismissed.[4]

---

[4] To establish a prima facie claim of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).  Here there can be no retaliation claim under the FLSA as Plaintiff has not even alleged any FLSA violation. *See Alvarado v. I.G.W.T. Delivery Systems, Inc.*, 410 F. Supp. 2d 1272 (S.D. Fla. 2006) (no claim for retaliation stated under FLSA when Plaintiff had not

162035.5 5/2/2018

**POINT III      THE COURT LACKS JURISDICTION OVER PLAINTIFF'S DISCRIMINATION CLAIMS**

**A.      Plaintiff's Allegations of Race, Color and Sex Discrimination are Beyond the Scope of his Administrative Charge**

"In general, federal courts have no jurisdiction to hear claims not alleged in an employee's EEOC complaint." *DD v. Lincoln Hall Ives Sch.*, 2010 U.S. Dist. LEXIS 15511, at *25 (S.D.N.Y. Feb. 19, 2010) (Seibel, J.).   A plaintiff in a Title VII action must exhaust administrative remedies prior to filing an action in federal district court.  *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 274 F.3d 683, 686 (2d Cir. 2001).  "[T]he administrative exhaustion requirement applies to pro se and counseled plaintiffs alike." *Khater v. API Indus.*, 2017 U.S. Dist. LEXIS 209213, at *10 (S.D.N.Y. Dec. 19, 2017) (Seibel, J.) *quoting Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015).

"[C]laims that were not asserted before the EEOC may be pursued in a subsequent federal court action [only] if they are 'reasonably related' to those that were filed with the agency." *Legnani* at 686.  *Accord, Butts v. City of New York Dep't of Hous.*, 990 F.2d 1397, 1401-1403 (2d Cir. 1993).  "A claim is 'reasonably related' to an EEOC Charge if it 'provided the EEOC with sufficient notice to investigate the allegation.'" *Plahutnik v. Daikin Am., Inc.*, 912 F. Supp. 2d 96, 103-04 (S.D.N.Y. 2012) (Seibel, J.) *quoting Hoffman v. Williamsville Sch.*

engaged in protected activity; plaintiff had complained about salary level, work duties, and discriminatory comments); *Perez v. Brands Mart Serv. Corp.*, 2011 U.S. Dist. LEXIS 82708 at *27 (S.D. Fla. July 28, 2011) (FLSA retaliation claim dismissed as "nowhere in the plaintiff's statements to management does the plaintiff assert his rights under the FLSA or mention minimum wage").  Indeed in *Perez, supra* the court found that no claim for retaliation was stated under the FLSA because the Plaintiff could not have had an objectively reasonable belief that his employer was engaged in unlawful practices, There were no minimum wage or overtime violations and "the FLSA does not prohibit an employer from changing or increasing job duties, hours or assignments, as long as the employee receives at least minimum wage for all compensable hours." *Accord, Burnette v. Northside Hospital*, 342 F. Supp. 2d 1128 (N.D. Ga. 2004) (employees honest and good faith belief that he was not being properly paid for on call pay not sufficient to constitute protected activity; conduct must be objectively reasonable as well). Plaintiff's retaliation claims must be dismissed.

*Dist.*, 443 F. App'x 647, 649 (2d Cir. 2011) (summary order) (*citing Williams v. N.Y.C Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (per curiam). "Even where a plaintiff has previously filed charges with the EEOC, he is precluded from asserting in court any claims beyond the scope of his administrative complaint." *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2008 U.S. Dist. LEXIS 2932, at *7-8 (S.D.N.Y. Jan. 16, 2008) citing *Holtz*, 258 F.3d at 84 (claims of religious discrimination not exhausted by EEOC charges of age discrimination, sexual harassment, and retaliation); *Bresloff-Hernandez v. Horn*, 2007 U.S. Dist. LEXIS 71257, 2007 WL 2789500, at *7-8 (S.D.N.Y. Sept. 25, 2007) (ADA claim of failure to accommodate not exhausted by EEOC claim that medical separation violated ADA and constituted retaliation).

"[T]he purpose of the notice provision 'would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC.*" Khater v. API Indus.*, 2017 U.S. Dist. LEXIS 209213, at *11 (S.D.N.Y. Dec. 19, 2017) (Seibel, J.) *quoting Vlad-Berindan v. LifeWorx, Inc.*, 2014 U.S. Dist. LEXIS 58741 (E.D.N.Y. Apr. 28, 2014) (*quoting Butts v. City of N.Y. Dep't of Housing*, 990 F.2d 1397, 1401 (2d Cir. 1993)), *aff'd*, 599 F. App'x 415 (2d Cir. 2015) (summary order); *Wilson v. Family Dollar Stores*, 2007 U.S. Dist. LEXIS 23083, at *16-18 (E.D.N.Y. Mar. 29, 2007) ("[c]ourts in the Second Circuit have generally held that 'claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related'" *quoting Culbertson v. ChaRosa Found. Corp.*, 2004 U.S. Dist. LEXIS 21064, 2004 WL 2370686, at *3 (E.D.N.Y. Oct. 18, 2004).

Thus in *Wilson* the Court concluded that "[t]he race, color and religious discrimination claims in Wilson's district court complaint are not reasonably related to the disability, age and gender claims in the EEOC complaint." *Id.* at *16. Accord, *Muse v. New York City Dep't of*

162035.5 5/2/2018

*Hous. Preservation & Dev.*, 2000 U.S. Dist. LEXIS 12207, (E.D.N.Y. Aug. 22, 2000) (disability claim not reasonably related to claim of racial discrimination); *Joseph v. Am. Works, Inc.*, 2002 U.S. Dist. LEXIS 9075, (S.D.N.Y. May 21, 2002) (same).

In his charge filed with the State Division of Human Rights and EEOC, the Plaintiff alleged discrimination based only on the following categories:

> Disability (TBI, Anxiety)
> Domestic Violence Vitim Status (Almost Killed by in laws 2x)
> Retaliation

(Ex. 1 at p. 3).

The charge itself is anything but clear.  However, in one part of his charge Plaintiff states as follows:

> I also have a questionable theory, which seems very odd.  In 2013 I had a traumatic brain injury causing me to be flown by helicopter to a trauma center, due to me being (almost killed) attacked by several (in Laws) people, on Taft Ave, Newburgh, NY 12550 (near woodlawn ave)  A co worker is related to one of the people who attacked me.  I figured this out after I heard him tell a dispatcher "one of my sons has to stay in the hospital overnite" soon after I noticed a time card on top of mine with the last name 'Newkirk' so I put 2 and 2 together and figured out that this was a relative of the attackers.  Soon after I was given a route that went to the crime scene every day, and I had to park behind "Doe Newkirk" every day.  On 1/19/17 I was doing a Meadow Hill School RT and when I had 2 stops left before I went to the school I was called over the radio by "Jon Doe" (dispatcher) and/or (Kim 'Doe') asking what time was I at woodlawn terr, and if I could go back to pick up a student (near crime scene).  When I went there, no one was there.

Ex. 1, p. 8.

This presumably forms the basis of his disability and victim of domestic violence claims that was ultimately dismissed by the New York State Division of Human Rights.

In his Amended Complaint filed in this Court (Ex. 7), however, Plaintiff now alleges only claims of race, color and sex discrimination under Title VII, claims under the New York

162035.5 5/2/2018

Human Rights Law and claims under the Fair Labor Standards Act and New York Labor Law (Ex. 7, p. 3, 4). However these discrimination claims are not raised in the administrative charge and therefore may not be pursued here as they are not reasonably related to claims of disability discrimination and those of domestic violence.  As such, they must be dismissed. *See Aratari v. Genesee County Sheriff's Office*, 2000 U.S. Dist. LEXIS 10583 (W.D.N.Y. July 25, 2000) (disability claim not reasonably related to gender-based discrimination); *McNealy v. New York Pub. Library*, 1997 U.S. Dist. LEXIS 15014, (S.D.N.Y. Oct. 1, 1997) (disability claim not reasonably related to claim of race discrimination); *Clarke v. White Plains Hosp.*, 2015 U.S. Dist. LEXIS 187417, at *10 (S.D.N.Y. Apr. 22, 2015) (Seibel, J.) (claims for age and race discrimination and retaliation under Title VII could not proceed when underlying charge merely alleged disability and genetic predisposition discrimination").  Thus, in light of the foregoing, the Court lacks subject matter jurisdiction over all of Plaintiff's Title VII claims as they were not included in the underlying EEOC/NYSDHR charge.  The claims must therefore be dismissed.

**B.    The Court Lacks Jurisdiction Over Any Claims That Occurred More Than 300 Days Prior to the Filing of the NYSDHR/EEOC Charge of Discrimination**

Finally, it is unclear what specific claims Plaintiff seeks to litigate at this time. A number of events dating back to 2009 are alluded to in the complaint. Of course, this court not only does not have jurisdiction over claims not asserted in the underlying administrative charge but also must dismiss any claims that occurred more than 300 days of the filing of Plaintiff's January 25, 2017 charge of discrimination.  *Josey v. N.Y.C. Police Dep't*, 2008 U.S. Dist. LEXIS 51999, at *2 (S.D.N.Y. July 7, 2008) ("because plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") more than 300 days after the allegedly discriminatory decisions he challenges, his ADA and Title VII claims are untimely and must be

dismissed"); *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) (dismissing as untimely claims based on conduct that occurred more than 300 days prior to the filing of EEOC charge); *Odom v. Doar*, 2011 U.S. Dist. LEXIS 79496, (S.D.N.Y. July 21, 2011), *aff'd*, 497 F. App'x 88 (2d Cir. 2012) (dismissing claims that accrued more than 300 days before plaintiff filed his EEOC complaint as untimely).

**POINT IV    THE NO PROBABLE CAUSE DETERMINATION PRECLUDES PLAINTIFF FROM LITIGATING ANY CLAIMS UNDER THE NEW YORK HUMAN RIGHTS LAW AND BARS ANY CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

A plaintiff may not advance judicial causes of action under the NYSHRL where he has already filed a complaint with the NYSDHR arising from the same transaction. N.Y. Executive Law §297(9). This statutory election of remedies provision recognizes that the NYSHRL "provides a civil cause of action for discriminatory practice, unless an administrative complaint has already been filed and has not been dismissed for 'administrative convenience." *Moodie v. Fed. Reserve Bank of New York*, 58 F.3d 879, 883-84 (2d Cir. 1995); *see also Marecheau v. Equal Employment Practices Comm'n*, 2014 WL 5026142, at *4 (S.D.N.Y. Sept. 30, 2014) ("a complaint that has previously been dismissed by the NYSDHR or NYCCHR must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)"); *Friedman v. Columbia University*, 2014 WL 1041032, at *2 (S.D.N.Y. Mar. 13, 2014) ("A plaintiff must elect whether to seek a remedy under state and local law in the administrative agency or in court; he cannot proceed in both forums."); *Malachi v. Postgraduate Center for Mental Health*, 2013 WL 782614, at *4 (E.D.N.Y. Mar. 1, 2013) (dismissing pro se plaintiff's state law discrimination claims where he raised similar claims before the NYSDHR); *Chakraborty v. Soto*, 2017 U.S. Dist. LEXIS 183596, at *27 (S.D.N.Y. Nov. 6, 2017)

162035.5 5/2/2018

(dismissing pro se plaintiff's state law discrimination claims for lack of subject matter jurisdiction because he elected his remedy by first advancing a complaint before the NYSDHR).

It is undisputed that Plaintiff filed a complaint with the SDHR (Ex. 1). In the SDHR complaint Plaintiff's "questionable theory" that his traumatic brain injury and having been previously attacked by some unknown person who resided near a bus route that he had been assigned to were the sole bases of the discrimination. After having the opportunity to investigate the claims, the SDHR issued a determination finding no probable cause to believe that Plaintiff was discriminated against on account of any disability, domestic violence victim status or that he had suffered any retaliation. Ex. 2. Thus, Plaintiff's New York Human Rights Law claims under these theories are barred.

Also, because Plaintiff's Human Rights claims are barred, he cannot bring any claims against the individual defendants. Neither Title VII nor the ADA provide for individual liability. *See Cromwell-Gibbs v. Staybridge Suite Times Square*, 2017 U.S. Dist. LEXIS 95762 *13 n.4 (S.D.N.Y. June 20, 2017) ("[t]here is no individual liability under Title VII") (*quoting Gomez v. N.Y.C. Police Dep't*, 191 F. Supp.3d 293, 302 (S.D.N.Y. 2016)); *Chakraborty v. Soto*, 2017 U.S. Dist. LEXIS 183596, at *27 (S.D.N.Y. Nov. 6, 2017) (same); *Gaughan v. Rubenstein*, 2017 U.S. Dist. LEXIS 79999, at *15 (S.D.N.Y. May 23, 2017) ("Plaintiff cannot state a claim against Defendants under either Title VII or the ADA because neither statute provides for individual liability"); *Kravtsov v. Town of Greenburgh*, 2012 U.S. Dist. LEXIS 94819, at *81 (S.D.N.Y. July 9, 2012) (Seibel, J.) ("there is no individual liability under the ADA").

**POINT V      PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED**

Like his federal causes of action, Plaintiff's state law claims for failure to train, negligent supervision and negligent retention must all be dismissed.

First, such claims are woefully inadequate to plead a viable claim. *Harisch v. Goldberg*, 2016 WL 1181711, at \*14 (S.D.N.Y. Mar. 25, 2016) ("as with any substantive assertion in a complaint, the facts alleged in support of a cause of action for negligent hiring, supervision, or retention must support a plausible argument that the employee's actions were outside the scope of her employment") (*citing Twombly*, 550 U.S. 544, 570 (2007)); *Hopper v. Banana Republic, LLC*, 2008 WL 490613, at \*2 (S.D.N.Y. Feb. 25, 2008) (dismissing negligent hiring and retention claims based upon "only speculative and implausible facts concerning   [individual defendant's] propensities and [defendant employer's] knowledge of them") (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the plausibility standard on a motion to dismiss requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'") (*quoting Twombly*, 550 U.S. at 570).

A negligent hiring or supervision claim requires a showing that the employer knew of the employee's propensity to commit the alleged acts or that it should have known had it conducted an adequate hiring procedure. *Honohan v. Martin's Food of S. Burlington, Inc.*, 255 A.D.2d 627, 628 (3d Dep't 1998) (*quoting Ray v. County of Delaware*, 239 A.D.2d 755, 757 (3d Dep't 1997)); *see also Marotta v. Palm Management Corp.*, 2009 WL 497568, at \*4 (S.D.N.Y. Feb. 25, 2009) (dismissing negligent hiring, retention, training, and supervision claims against employer where the plaintiff averred that those who caused his injuries were negligent in the performance of their duties but did not allege that the employer was aware of the offending employee's propensity for committing the allegedly harmful act); *Mataxas v. North Shore Univ. Hosp.*, 211 A.D.2d 762, 621 N.Y.S.2d 683 (2d Dep't 1995) (reversing denial of motion to dismiss negligent hiring and supervision claim where plaintiff could not show that the defendant

162035.5 5/2/2018

employer had knowledge of the offending employee's propensity to commit the alleged acts). Here, the Complaint fails to set forth any facts that would substantiate these claims. Plaintiff does not allege any facts suggesting that Newburgh Beacon knew of any propensity for any of the individual defendants to engage in discrimination, much less that they acted outside the scope of their employment in causing his harm. In fact, the complaint does not even identify what the individual defendants did to Plaintiff. Plaintiff thus fails to state a claim for negligent hiring, training, and/or retention under *Iqbal/Twombly*, and these claims should be dismissed

Moreover, these state tort claims are subject to dismissal based on the exclusivity provisions of the Workers Compensation Law. *Arroyo v. WestLB Admin., Inc.*, 54 F. Supp. 2d 224, 232 (S.D.N.Y. 1999) (claims for negligent infliction of emotional distress and negligent retention dismissed as being barred by the exclusivity provision of the Workers' Compensation Law); *Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir. 1997) (District Court properly found common law negligence claims to be barred by the exclusivity provisions of the Workers' Compensation Law).

## CONCLUSION

For all of the foregoing reasons, the Amended Complaint should be dismissed in its entirety. Defendants should be awarded all their costs and fees and any other relief this Court deems appropriate.

Dated:  Garden City, New York
       May 3, 2018

BOND, SCHOENECK & KING, PLLC

By: _____
    Mark N. Reinharz (MR 6201)
    *Attorneys for Defendants*
    Newburgh Beacon Bus Corp., Edward
    Gallagher, Marc Miller and Jon Procak
    1010 Franklin Avenue, Suite 200
    Garden City, New York 11530
    (516) 267-6320
    mreinharz@bsk.com

162035.5 5/2/2018

### CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2018 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules on Electronic Service upon the following parties and participants:

Kervin Jeanty
11 Kentucky Drive
Newburgh, New York  12550
Kervin.Jeanty@yahoo.com

Service was also mailed by first class mail and electronic mail to the addresses above.

Mark N. Reinharz (MR 6201)
BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendants*
Newburgh Beacon Bus Corp., Edward
Gallagher, Marc Miller and Jon Procak
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6320
mreinharz@bsk.com